IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL MCDANIEL, #R-30285, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00515-MJR |
| | ) |
| ANTHONY MCCALLISTOR, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Marshall McDaniel, an inmate currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The complaint arises out of events that occurred while Plaintiff was an inmate at Big Muddy.

### Merits Review Under 28 U.S.C. § 1915A

The complaint is before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints and dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to

relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the Complaint, in mid-May 2014, Plaintiff and other inmates at Big Muddy were subjected to a strip search by "orange crush," the Illinois Department of Corrections' tactical team. (Doc. 1, p. 5). Members of the tactical team demanded that Plaintiff strip, spread his buttocks and cough, and lift his testicles, all in the presence of female correctional officers. *Id*. Plaintiff further alleges that he was handcuffed, forced to walk with his head down and then required to stand very close to the person in front of him, which was "sexually humiliating." *Id*. Later, Plaintiff was forced to sit in a stress position with his hands tightly cuffed behind his back. *Id*. While in this position, Plaintiff claims that he was jabbed with a baton in the ribs and back. *Id*. Plaintiff does not mention what injuries, if any, he suffered, but he asserts that staff refused to let him see a doctor. *Id*. Lastly, Plaintiff alleges that he later discovered that some of his property, which was not considered contraband, had been confiscated. *Id*.

In the case caption, Plaintiff names Anthony McCallistor, commander of the Southern District Orange Crush team, as the only Defendant, but makes no mention of Defendant McCallistor in his statement of the claim. *Id*. Plaintiff states that he was unable to identify any members of the tactical team because he was forced to keep his head down and he has not named any of these individuals as defendants in the present complaint.

While it is quite possible that Plaintiff has an actionable civil rights claim against Defendant McCallistor for his involvement in the alleged unconstitutional strip search,[1] the present complaint fails to comply with the pleading standard set forth under Rule 8 of the Federal Rules of Civil Procedure. Specifically, the complaint fails to specify how Defendant Anthony McCallistor was involved in the alleged unconstitutional search.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a merits review under 28 U.S.C. § 1915A, a *pro se* litigant's complaint "must contain sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is to ensure that defendants are put on notice of the claims brought against them so that they can properly answer the complaint. Merely

---

[1] To state a claim that a strip search violated the Eighth Amendment, a plaintiff must allege that the search was "maliciously motivated" or without penological justification. *See Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). Strip searches conducted in the presence of officers of the opposite sex, while not unconstitutional per se, may violate the Eighth Amendment if the search was conducted in a harassing manner with the intent to "humiliate and inflict psychological pain." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003).

invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

In addition, the complaint mentions facts that could suggest a slew of potential claims, but none contain "sufficient factual matter" to enable the Court to even begin to assess the merits of the claims. In fact, it is not even clear which claims Plaintiff seeks to pursue. For these reasons, the Court finds that the complaint fails to state a claim in compliance with Rule 8 of the Federal Rules of Civil Procedure and should be dismissed. However, the dismissal is without prejudice to Plaintiff filing an amended complaint that cures the defects noted in this Order, according to the instructions set forth below.

Specifically, Plaintiff is reminded that 42 U.S.C. § 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). And in the case of a defendant who acted in a supervisory role, the doctrine of respondeat superior does not apply to § 1983 actions; in order to be liable, it must be alleged that the defendant was personally responsible for the constitutional violation. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). That being said, where it is alleged that a defendant *directed the conduct* or gave knowing consent to the conduct which caused the constitutional violation, that defendant has sufficient personal involvement to be responsible for the violation, even though that defendant has not participated directly in the violation. *See Chavez*, 251 F.3d at 652; *McPhaul v. Bd. of Comm'rs of Madison Cnty.,* 226 F.3d 558, 566 (7th Cir. 2000). A defendant in a supervisory capacity may then be liable for "deliberate, reckless

indifference" where he or she has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")).

## Pending Motions

**Motion for Recruitment of Counsel (Doc. 3)**

Because the Court is dismissing the complaint without prejudice and granting Plaintiff leave to amend, the Court will also consider Plaintiff's pending motion for recruitment of counsel (Doc. 3) at this time.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must engage in a two-part inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). In determining whether a plaintiff is competent to litigate the present case, courts should consider several factors such as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*. at 655.

Plaintiff's motion makes no mention of any efforts he has made to secure counsel in this case. (Doc. 3, p. 1). Nor does he offer any reason why he has been unable to do so. In fact,

Plaintiff left blank the section on the court-provided form that asks what efforts the litigant has made to obtain an attorney. *Id*.

Plaintiff indicates that he is a college graduate, but that he believes he is not capable of representing himself because he has no understanding of civil law. *Id*. at 2. At this stage, it is difficult for the Court to assess the eventual complexity of this case since it is unclear what claims Plaintiff intends to pursue. The Court's inquiry, therefore, is focused on the task presently at hand: Whether Plaintiff is capable of drafting an amended complaint that clearly sets out each claim, identifies the defendant(s) by name who are liable under each claim, and specifies the actions taken by the defendant(s) related to each claim. Given the Plaintiff's level of education, the Court finds no reason why Plaintiff would not be capable of this task. Therefore, recruitment of counsel is not warranted at this time and the motion (Doc. 3) will be denied without prejudice. However, the Court will remain open to considering a future motion for recruitment of counsel at a later date.

**Motion for Service of Process (Doc. 4)**

Plaintiff also moves for service of process at government expense. (Doc. 4). Because the complaint is being dismissed, the motion (Doc. 4) is **DENIED as moot**. It is not necessary for Plaintiff to file a new motion; the Court will order service if the amended complaint survives threshold review.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within **THIRTY-FIVE DAYS** of entry of this Memorandum and Order (on or before July 10, 2015). Should

Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order or if the First Amended Complaint fails to state a claim upon which relief may be granted, this case will be dismissed for failure to comply with an order of this Court and the dismissal shall count as a strike under 28 U.S.C. § 1915(g). FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that when drafting an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, ***by name***, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. In particular, the allegations should demonstrate which defendant(s) are personally responsible for any claimed violation of his constitutional rights. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed and it remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*,

133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after any change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 5, 2015**

s/ MICHAEL J. REAGAN_____
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
