### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL MCDANIEL, #R-30285,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| vs.     ) | Case No. 15-cv-00515-SMY |
| ) | |
| ANTHONY MCCALLISTOR,     ) | |
| ZACH ROECKEMAN, and     ) | |
| ORANGE CRUSH TACTICAL TEAM,     ) | |
| ) | |
| Defendants.     ) | |

### MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Marshall McDaniel, an inmate currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The complaint arises out of events that occurred while Plaintiff was an inmate at Big Muddy.

This matter is now before the Court for a preliminary review of Plaintiff's amended complaint (Doc. 8) pursuant to 28 U.S.C. § 1915A. Plaintiff filed the amended pleading at the direction of the Court after his original complaint was dismissed without prejudice for failure to state a claim. (*See* Doc. 7). Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Amended Complaint

According to the amended complaint, on or about May 13, 2014, Plaintiff and other inmates at Big Muddy were subjected to a strip search by members of the Orange Crush Tactical Team. (Doc. 8, p. 5). Members of the tactical team demanded that Plaintiff strip, spread his buttocks and cough, and lift his testicles, all in the presence of female correctional officers who he claims made sexually offensive comments about his penis. *Id*. at 5-6. Plaintiff was then subjected to a body cavity search. *Id*. at 6. Plaintiff further alleges that his hands were tightly cuffed behind his back, and he was forced to walk in a line of inmates with his head down and his penis on the buttocks of the inmate standing in front of him. The inmate standing behind him was then forced to place his penis on Plaintiff's buttocks. *Id*. at 6. All the while, members of the Orange Crush Team were calling Plaintiff and the other inmates "f*ggots" and "child molesters." *Id*. at 7. When Plaintiff complained about the strip search, he was told by one of the members of the Orange Crush Team to "shut the f*ck up n*gger or I will knock your teeth out. I'm only following orders." *Id*.

Plaintiff and the other inmates were forced to walk to the lunchroom in this sexually degrading fashion. *Id*. Plaintiff was then ordered to place his forehead on a table, while his hands remained tightly cuffed behind his back. *Id*. Plaintiff was made to sit in this position, known as the stress position, for two hours. When Plaintiff complained about the position, an unknown member of the Orange Crush Team jabbed him with a baton in the ribs and back and said, "Shut up n*gger." *Id*.

Plaintiff contends that Defendant McAllistor, commander of the Southern District Orange Crush Tactical Team, was in charge that day and ordered the strip searches. *Id*. at 6. Plaintiff further asserts that Defendant Roeckeman, warden at Big Muddy, witnessed the events that day

and gave his approval for the searches. Finally, Plaintiff states that he was unable to identify any individual members of the tactical team because he was forced to keep his head down and none of them were wearing name tags.

## Discussion

The Court will begin with a preliminary note concerning the handling of Orange Crush cases in the Southern District of Illinois. Plaintiff's complaint raises allegations similar to the pleading in *Ross v. Gossett*, Case No. 15-cv-309-SMY-SCW, which was filed in this Court on March 19, 2015. The plaintiff in *Ross* is seeking injunctive relief and damages on behalf of himself and a class of prisoners who were subjected to similar strip searches while incarcerated at Lawrence and three other Illinois prisons during 2014. Should the *Ross* class be certified, Plaintiff would likely be a member of the class. Due to the similarities between the two cases and the need to consolidate judicial resources, Plaintiff's case was transferred to the undersigned judge.

The Court finds it convenient to divide the complaint into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** **Eighth Amendment claim[1] against Defendants McAllistor, Roeckeman, and Unidentified Members of the Orange Crush Tactical Team for inflicting unnecessary physical and emotional pain and suffering upon Plaintiff during the strip search and shakedown.**

A strip search violates the Eighth Amendment when it is "conducted in a harassing manner [that is] intended to humiliate and cause psychological pain." *Mays v. Trancoso*, 412 Fed. Appx. 899, *3 (7th Cir. 2011) (citing *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir.

---

[1] The complaint asserts that Plaintiff's rights were also violated under the Fourth Amendment. However, because Plaintiff is an inmate, this claim arises under the Eighth Amendment, not the Fourth Amendment. *See May v. Trancoso, et al.*, 412 Fed. Appx. 899, *3 (7th Cir. 2011) (citing *Peckham v. Wis. Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998); *Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir. 1995)).

2009); *see Whitman*, 368 F.3d at 934; *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)). More specifically, where prisoners are involved, a search violates the Eighth Amendment when it is ". . . maliciously motivated, unrelated to institutional security, and lack[s] a legitimate penological justification." *Rivera v. Drake*, 497 Fed. Appx. at *2 (citing *Calhoun*, 319 F.3d at 939). The Seventh Circuit has observed that "sexual ridicule and female spectators during a strip search can reasonably lead to the conclusion that the search was intended to humiliate." *Mays*, 412 Fed. Appx. 899, *3 (citing *Calhoun*, 319 F.3d at 940).

The complaint alleges that unknown members of the Orange Crush Tactical Team carried out a strip search that was intended to harass and/or humiliate Plaintiff. Plaintiff further alleges that Defendant McCallistor, Commander of the Southern District Orange Crush Tactical Team, ordered and directed the search. Finally, the complaint alleges that Defendant Roeckeman, warden of Big Muddy, was present and condoned the conduct. These allegations sufficiently state an Eighth Amendment claim against each of the Defendants; Plaintiff may proceed on this claim against Defendants McAllistor and Roeckeman. However, as to the unknown members of the Orange Crush Tactical Team: these officers must be identified with particularity before service of the complaint can occur on them. Where a prisoner's complaint states specific allegations describing the conduct of unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir.2009). In this case, guidelines for discovery aimed at identifying the unknown parties will be set by the magistrate judge. Once the unknown parties are identified, Plaintiff shall file a motion to substitute the named individuals in their place.

**Count 2:     First Amendment claim against Unidentified Members of the Orange Crush Tactical Team for retaliating against Plaintiff with threats and the use of force when Plaintiff complained about his treatment.**

The complaint articulates a viable retaliation claim against unidentified members of the Orange Crush Tactical Team. Prisoners have a First Amendment right to free speech, *see Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977); *Martin v. Brewer,* 830 F.2d 76, 77 (7th Cir. 1987), and restrictions on that right will be upheld only if they are "reasonably related to legitimate penological interests," *see Thornburgh v. Abbott,* 490 U.S. 401, 413 (1989) (citing *Turner v. Safley,* 482 U.S. 78, 89 (1987)); *Massey v. Wheeler,* 221 F.3d 1030, 1035 (7th Cir. 2000)). Further, prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not retaliate against a prisoner because that prisoner filed a grievance").

"A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman,* 226 F.3d at 573 (citation omitted). In this case, Plaintiff alleges that he was subjected to threats and physical force by members of the Orange Crush Tactical Team, in response to Plaintiff's objections to the alleged unconstitutional search. Such a chronology arguably presents a colorable claim of retaliation; therefore, the Court is unable to dismiss this retaliation claim against unknown members of the Orange Crush Tactical Team at this point in the litigation. However, as noted above, Plaintiff must identify the names of these officers before service of the complaint can occur on them.

### **Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 9) remains **PENDING** and shall be referred to United States Magistrate Judge Williams for a decision.

Plaintiff has already been granted leave to proceed IFP (*see* Doc. 2); therefore, Plaintiff's motion for leave to proceed IFP (Doc. 10) is unnecessary and **DENIED AS MOOT**.

Likewise, because Plaintiff has been granted leave to proceed IFP, Plaintiff's motion for service of process at government expense (Doc. 11) is unnecessary and **DENIED AS MOOT**.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNT 1** (strip search claim) against Defendants **MCCALLISTOR, ROECKEMAN,** and **UNKNOWN MEMBERS OF THE ORANGE CRUSH TACTICAL TEAM** and on **COUNT 2** (retaliation claim) against Defendant **UNKNOWN MEMBERS OF THE ORANGE CRUSH TACTICAL TEAM**.

The Clerk of Court shall prepare for Defendants **MCCALLISTOR** and **ROECKEMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **UNKNOWN MEMBERS OF THE ORANGE CRUSH TACTICAL TEAM** until such time as Plaintiff has identified these individuals by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 4, 2016**

s/ STACI M. YANDLE
United States District Judge